IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[19] ADELINZY GRACE-VAZQUEZ,<br><br>Defendant. | CRIMINAL NO. 14-109 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

On March 20, 2015, this Court denied a Motion to Dismiss Pursuant to the *Ex Post Facto* Clause and a Motion to Dismiss for Lack of Jurisdiction. Docket No. 463. In response to the Opinion and Order denying both motions to dismiss, Defendant Adelinzy Grace-Vazquez ("Defendant") filed a Motion for Reconsideration on March 26, 2015. Docket No. 471. The Government duly opposed Defendant's Motion. Docket No. 486. For the reasons stated below, Defendant's Motion for Reconsideration is hereby DENIED.

Since the factual and procedural background of this case was already discussed in the Opinion and Order denying Defendant's motions to dismiss, Docket No. 463, the Court will proceed directly to the legal analysis and discussion of the pending motion.

## DISCUSSION

In the Motion for Reconsideration, Defendant tries to distinguish the First Circuit's decision in United States v. Graham, 146 F.3d 6 (1st Cir. 1998), from the instant case. Docket No. 471 at 2. Defendant notes that the entity in Graham that ultimately provided the funding for the loans was a federally-insured bank and, thus, a covered financial institution under 18 U.S.C. § 1014. Id. In this case, however, the entity that funded the mortgage loans was Doral Mortgage LLC, which was not a covered financial institution under the statute at the time of the charged conduct. Id. at 2-3.[1] Therefore, Defendant contends that Doral Mortgage was the only financial institution exposed to a risk of loss and, thus, the Indictment against her must be dismissed for violating the *ex post facto* clause of the U.S. Constitution and for lack of jurisdiction. Id. at 7-8.

As this Court already stated in its previous Opinion and Order, the underlying purpose of § 1014 is to prohibit any fraudulent scheme that exposes a covered financial institution to a risk of loss.  See Graham, 146 F.3d at 10-11 (citation omitted) ("[T]he government does not have to show the alleged scheme was directed solely toward a particular institution; it is sufficient to show that defendant knowingly executed a fraudulent scheme that exposed a federally insured bank to a risk of loss."). In Graham, the First Circuit considered a fraudulent scheme in which the defendant made false statements to Dime-NH and Dime-MA, which were not federally-insured, but rather wholly-owned subsidiaries of Dime-NY, a federally-insured bank. Id. at 8, 10-11. Furthermore, even though Dime-NH and Dime-MA handled the loan applications, it was Dime-NY that ultimately provided the funding for such loans. Id.

---

[1] The checks funding the loans were drawn from an account belonging to Doral Mortgage, which was, in turn, kept at Doral Bank. Docket No. 411, Exs. 4-6.

Defendant emphasizes the fact that it was a federally-insured bank in Graham that funded the mortgage loans. Docket No. 471 at 2. According to Defendant, this is the key distinguishing factor between Graham and the instant case. Id. Defendant's argument, however, misses the point. This Court reads Graham to stand for the general proposition that § 1014 prohibits making false statements that expose a federally-insured institution to a risk of loss, regardless of the statements' target. It does not matter *how* the federally-insured institution is exposed to a risk of loss as long as it is exposed. Therefore, the fact that Doral Mortgage funded the loans in the instant case is immaterial if the charged conduct still exposed Doral Bank to a risk of loss.

The Government argues that since Doral Mortgage is not merely a customer of Doral Bank, but rather a wholly-owned subsidiary of the financial institution, it necessarily follows that the losses suffered by the subordinate entity necessarily exposed Doral Bank to a risk of loss. Docket No. 486 at 5. The Government relies on the First Circuit's decision in United States v. Agne, 214 F.3d 47 (1st Cir. 2000) for this proposition. Id. at 2-5.[2] The Court agrees with the Government for various reasons. As the Government claims in its Opposition, Doral Mortgage's operating capital is intrinsically linked to Doral Bank. Id. at 4. While it is true that Doral Mortgage handled the loan application process and disbursed the loan, the record also reflects that Doral Mortgage immediately sold the mortgage loan in question to Doral Bank at the time of its closing. Id. at 4-5. As a result of the sale, Doral Bank became the loan's servicer and provided Doral Mortgage with additional operating capital to originate and disburse other

---

[2] The Government also cites United States v. Pelullo, 964 F.2d 193 (3d Cir. 1992) and United States v. Bouyea, 152 F.3d 192 (2d Cir. 1998), which were both cited with approval in the First Circuit's decision in Agne.

mortgage loans. Since Doral Bank had to repossess and sell the property in question, it cannot be seriously argued that Doral Bank did not experience any losses. Moreover, since Doral Mortgage is a wholly-owned subsidiary of Doral Bank, as opposed to a mere customer of the bank, the logical consequence of this relationship is that the charged conduct exposed both institutions to a risk of loss. This is precisely what § 1014 prohibits, and Defendant cannot "sanitize [her alleged] fraud by interposing an intermediary or an additional victim between [the alleged] fraud and the federally insured bank." Brandon, 17 F.3d at 426.

Finally, on April 13, 2015, Defendant filed a Reply to the Government's Opposition. Docket No. 500. Pursuant to Local Rule of Civil Procedure 7(c), a party may only file a reply memorandum "[w]ith prior leave of Court."[3] Since the Defendant filed its Reply without prior leave, in violation of the local rules, it follows that the Court is not compelled to consider the memorandum. In any event, Defendant basically repeats the same arguments already raised in her Motions to Dismiss and the Motion for Reconsideration. Defendant's only new argument is that the Government relies on non-section-1014 cases to support its position. Id. The Court finds this argument unpersuasive since the reasoning in the cases cited by the Government applies with equal force to the instant case, even if they involved other statutes. The issue in question does not involve statutory interpretation, but rather a determination of whether the charged conduct exposed a covered institution to a risk of loss. Given the discussion of similar factual scenarios in different legal contexts —allegations of wire fraud where the victim is either a consumer or a wholly-owned subsidiary of a depository institution— the Court finds such cases relevant. While the type of fraud is different, the reasoning is the same —namely, a fraud

---

[3] This rule also applies to criminal cases by virtue of L. Crim. R. 112.

perpetrated against a financial institution's wholly-owned subsidiary affects the parent company. Defendant's position that her actions only exposed Doral Mortgage to a risk of loss is simply untenable given the facts in this case.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES the Motion for Reconsideration.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of April, 2015.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge